## MISSISSIPPI VALLEY HARDWOOD CO. et al. v. McCLANAHAN, Dist. Atty., et al.

### No. 1235.

District Court, W. D. Tennessee, W. D.
Oct. 8, 1934.

Lowell W. Taylor, of Memphis, Tenn., for plaintiffs.

Wm. McClanahan, U. S. Dist. Atty., of Memphis, Tenn., for defendants.

ANDERSON, District Judge.

In this case, complainants ask for injunctive relief against the district attorney to prevent arrest, indictment, and prosecution for violating the so-called "price fixing" or "price protection clause" of the Hardwood Lumber Code, organized under the National Industrial Recovery Act (48 Stat. 195).

There is no mention in the act itself of price fixing or price protection. The act itself authorizes the various industries to compile codes of "fair competition" which become law on the approval of the National Recovery Director.

The words "fair competition" by a long series of judicial decisions have been fully defined. These definitions do not include price fixing. Competition has three elements: (1) Price; (2) quality; and (3) service. Price regulation is the antithesis of competition, fair or otherwise.

From time to time, as witness the Lever Act, legislative bodies have fixed maximum prices with doubtful success. No legislative body has ever fixed a minimum price to my knowledge. To hold that Congress in the National Industrial Recovery Act has fixed a minimum price by implication is to carry judicial construction too far.

The court concedes the power of Congress to fix prices, under certain circumstances, on goods moving in interstate commerce. There is nothing in the N. R. A. to show that such was the intention of Congress. The very term "fair competition" negatives any such construction.

It is an intolerable situation for citizens to hold salable property which they dare not fix a price on for sale purposes, without fear of criminal prosecution. Complainants are entitled to the injunctive relief sought against the district attorney, limited, of course, strictly to the price fixing or price protection feature of the Hardwood Code.

The case against the Hardwood Institute is on an entirely different basis. Price fixing is only one of its many functions. It cannot initiate criminal prosecutions under this act or any other act. It is of assistance to the National Recovery officials in many capacities, especially in investigations. Of all the many provisions of the Hardwood Code, only the "price fixing" or "price protection" provision of that instrument is under attack in this proceeding.

The temporary injunction prayed for against the Hardwood Institute is denied.